1  **COMP**
   JONATHAN B. GOLDSMITH, ESQ.
2  Nevada Bar No. 11805
   **ROSENFELD & RINATO**
3  9029 South Pecos Road, #2800
   Henderson, Nevada 89074
4  702.386.8637 / 702.385.3025 (Facsimile)
   jgoldsmith@lawrosen.com
5  Attorneys for Debtor/Plaintiff

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Adversary No. |
| | ) |
| JILL WHITTLE | ) |
| | ) |
| Debtor. | ) |
| | ) |
| JILL WHITTLE, an Individual | ) |
| Plaintiff | ) |
| v. | ) |
| GMAC BANK, a Foreign Corporation; GRIFFIN GROUP, LLC, a Nevada Corporation; APPLE BLOSSOM ARBITRAGE, LLC, a Foreign Corporation; DOES and ROES 1-10 | ) |
| Defendants | ) |

### COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, QUIET TITLE AND SANCTIONS

COMES NOW Debtor/Plaintiff JILL WHITTLE, by and through her counsel of record JONATHAN B. GOLDSMITH, ESQ., of the law firm ROSENFELD & RINATO, and hereby files hereby files her Complaint for Damages, Injunctive Relief, Quiet Title and Sanctions.

/ / /

/ / /

## PARTIES

1. Plaintiff Jill Whittle is a resident of the State of Nevada, County of Clark.

2. Upon information and belief, GMAC Bank is a foreign corporation operating and doing business in the State of Nevada, County of Clark.

3. Upon information and belief, Griffin Group is a Nevada corporation operating and doing business in the State of Nevada, County of Clark.

4. Upon information and belief, Apple Blossom Arbitrage is a foreign corporation operating and doing business in the State of Nevada, County of Clark.

## JURISDICTION

5. The Court has jurisdiction over the matter because it is a core proceeding under 28 U.S.C. § 1334 and 28 U.S.C. §§ 157.

6. This adversary proceeding relates to a bankruptcy case entitled *In re Whittle*, Case No. BK-S-10-30897-BAM, which is a pending Chapter 13 Case in the United States Bankruptcy Court, District of Nevada.

7. Venue for this matter is proper pursuant to 28 U.S.C. § 1409.

8. Plaintiff asks this Court to order injunctive relief and sanctions under 11 U.S.C. § 105(a) and under the inherent equitable authority of the Court.

## STATEMENT OF FACTS

1. Debtor filed a Voluntary Petition for protection under the bankruptcy code on or around November 1, 2010.

2. An illegal and improperly noticed foreclosure sale took place on the Debtor's residence, located at 646 Paloma Drive, Boulder City, Nevada 89005 (APN: #186-10-117-016) ("Property"), on or around October 25, 2010.

/ / /

/ / /

3. Specifically, after a Notice of Foreclosure Sale was recorded and served on Debtor on or around September 25, 2010, Debtor was contacted by GMAC bank ("Bank"), the previous Trustee of the Property in October 2010, and Debtor was informed that the Bank was not moving forward with the October 25, 2010 foreclosure date.

4. Instead, Debtor was specifically informed on several occasions in October 2010 that the foreclosure sale was off calendar and that the Bank was considering Debtor for a loan modification.

5. Specifically, on or around October 20, 2010, Debtor spoke to the Bank's representatives, named "Caesar" and "Kevin", both in separate phone calls, where Debtor was informed that the foreclosure sale would not take place.

6. On or around October 22, 2010, the Bank sent a letter to Debtor informing her that they were in reviewing her home loan modification.

7. Then, on or around October 26, 2010, one day after the foreclosure sale, the Bank sent a letter to Debtor informing her that the loan modification review had failed because a foreclosure sale will be held.

8. In fact, Debtor submitted several documents necessary for loan modification, at the Banks request, during October 2010, after being informed that the foreclosure sale was off calendar and that Debtor's loan modification was moving forward.

9. Nevertheless, the foreclosure sale on the Property took place on or around October 25, 2010.

10. On or around November 5, 2010, after the time Debtor filed her Petition, and after the time Defendant Apple Blossom Arbitrage received notice of the filing of the bankruptcy Petition, Defendant Apple Blossom Arbitrage was issued and recorded a deed on Debtor's property.

11. Defendant Apple Blossom Arbitrage, by and through its agent "Griffin Corp" committed several violations of the automatic stay.

12. Defendant Apple Blossom Arbitrage was informed by facsimile on around November 1, 2010 that Debtor had filed for bankruptcy protection.

13. Nevertheless, on or around November 10, 2010, the Chief Executive Officer of Griffin Group, Benjamin James Blakeley, contacted Debtor by phone and informed her that he would initiate eviction proceedings against Debtor.

14. Also, on or around November 17, 2010, the Boulder City Constable, at the request of Griffin Group, posted a 30-day Notice to Quit the premises.

15. After receiving the eviction notice, Debtor again contacted Griffin Group, on or around November 17, 2010, by facsimile and telephone, to inform Griffin Group of the bankruptcy filing for a second time.

16. Nevertheless, on or around November 19, 2010, attorney Edgar C. Smith, Esq. signed and served a Three-Day Notice to Quit the premises on Debtor.

17. On or around November 23, 2010, for the third time, Debtor gave notice to Defendant Apple Blossom Arbitrage of the bankruptcy filing and instructed Defendant Apple Blossom Arbitrage that their continued attempts at eviction were in violation of the automatic stay.

18. Debtor maintains possession of the property and asserts that the foreclosure sale and subsequent transfer of the property were illegal and fraudulent.

19. Additionally, Debtor asserts that Defendant Apple Blossom Arbitrage has violated the automatic stay on several occasions as discussed above, and is therefore subject to Court sanctions.

/ / /

/ / /

## FIRST COUNT
(Fraud)

20. Plaintiff repeats and re-alleges all allegations contained previously as though fully set forth herein.

21. A foreclosure sale and subsequent transfer took place all without proper notice and without Debtor's knowledge.

22. Debtor was informed on several occasions by Defendant GMAC Bank that the foreclosure sale had been taken off the calendar and would not proceed.

23. Based on Debtor's reliance on the multiple representations made by the Bank, Debtor began submitted loan modification documents to the Bank.

24. Nevertheless, a foreclosure sale took place on the date the Bank represented had been cancelled. As a result, Defendant Apple Blossom Arbitrage received and recorded a deed on November 5, 2010, five days after Debtor filed for bankruptcy protection.

25. Although the Notice of Breach and Notice of Sale were recorded pre-petition, the Bank, by means of fraudulent representation, informed Debtor on several occasions that the foreclosure sale would not take place.

26. Debtor had justifiable reliance to not file for bankruptcy protection prior to the scheduled foreclosure sale based on the Bank's representations.

27. As a result, Debtor filed for bankruptcy protection after the scheduled foreclosure sale, but before the recordation of Defendant Apple Blossom Arbitrage's deed.

28. As a result, Plaintiff is entitled to damages against Defendant, and each of them, in an amount to be determined.

29. Defendants abused the bankruptcy process and their conduct and practices are sanctionable under 11 U.S.C. § 105(a).

30. As a result of Defendants' conduct, Plaintiff was required to hire an attorney for the prosecution of this matter and is therefore entitled to reasonable attorneys fees.

### SECOND COUNT
(Violation of 11 U.S.C. 362)

31. Plaintiff repeats and re-alleges all allegations contained previously as though fully set forth herein.

32. Defendant Apple Blossom Arbitrage was noticed of the bankruptcy filing on November 1, 2010, again on November 17, 2010, and a third time on November 23, 2010.

33. Nevertheless, on or around November 10, 2010, the Chief Executive Officer of Griffin Group, Benjamin James Blakeley, contacted Debtor by phone and informed her that he would initiate eviction proceedings against Debtor.

34. Also, on or around November 17, 2010, the Boulder City Constable, at the request of Griffin Group, posted a 30-day Notice to Quit the premises.

35. After receiving the eviction notice, Debtor again contacted Griffin Group, on or around November 17, 2010, by facsimile and telephone, to inform Griffin Group of the bankruptcy filing for a second time.

36. Nevertheless, on or around November 19, 2010, attorney Edgar C. Smith, Esq. signed and served a Three-Day Notice to Quit the premises on Debtor.

37. On or around November 23, 2010, for the third time, Debtor gave notice to Defendant Apple Blossom Arbitrage of the bankruptcy filing and instructed Defendant Apple Blossom Arbitrage that their continued attempts at eviction were in violation of the automatic stay.

38. Defendants abused the bankruptcy process and their conduct and practices are sanctionable under 11 U.S.C. § 105(a).

39. As a result of Defendants' conduct, Plaintiff was required to hire an attorney for the prosecution of this matter and is therefore entitled to reasonable attorneys fees.

### THIRD COUNT
(Improper Acceptance of Property of the Bankruptcy Estate)

40. Plaintiff repeats and re-alleges all allegations contained previously as though fully set forth herein.

41. Defendant Apple Blossom Arbitrage received and recorded a deed on November 5, 2010, which was five days after Debtor filed for bankruptcy protection.

42. Defendant has argued during the bankruptcy proceeding that the Property is not the property of the bankruptcy estate.

43. However, at the time of filing of bankruptcy, on November 1, 2010, Debtor was still the legal owner of the property as no deed had been recorded to the contrary.

44. Nevertheless, and after being on notice of the filing of bankruptcy, Defendant Apple Blossom recorded a deed from Defendant GMAC Bank transferring ownership in property that was property of the bankruptcy estate.

45. As a result, Plaintiff is entitled to damages against Defendant, and each of them, in an amount to be determined.

46. Defendants abused the bankruptcy process and their conduct and practices are sanctionable under 11 U.S.C. § 105(a).

47. As a result of Defendants' conduct, Plaintiff was required to hire an attorney for the prosecution of this matter and is therefore entitled to reasonable attorneys fees.

### FOURTH COUNT
(Civil Conspiracy)

48. Plaintiff repeats and re-alleges all allegations contained previously as though fully set forth herein.

49. Defendant Apple Blossom Arbitrage received and recorded a deed on November 5, 2010, which was five days after Debtor filed for bankruptcy protection.

50. A foreclosure sale and subsequent transfer took place all without proper notice and without Debtor's knowledge.

51. Debtor was informed on several occasions by Defendant GMAC Bank that the foreclosure sale had been taken off the calendar and would not proceed.

52. Based on Debtor's reliance on the multiple representations made by the Bank, Debtor began submitted loan modification documents to the Bank.

53. Nevertheless, a foreclosure sale took place on the date the Bank represented had been cancelled. As a result, Defendant Apple Blossom Arbitrage received and recorded a deed on November 5, 2010, five days after Debtor filed for bankruptcy protection.

54. Although the Notice of Breach and Notice of Sale were recorded pre-petition, the Bank, by means of fraudulent representation, informed Debtor on several occasions that the foreclosure sale would not take place.

55. Debtor had justifiable reliance to not file for bankruptcy protection prior to the scheduled foreclosure sale based on the Bank's representations.

56. Defendants, and each of them, conspired to fraudulently foreclose and transfer title of the property in question without giving Plaintiff the opportunity to file for bankruptcy protection.

57. As a result, Plaintiff is entitled to damages against Defendant, and each of them, in an amount to be determined.

58. Defendants abused the bankruptcy process and their conduct and practices are sanctionable under 11 U.S.C. § 105(a).

59. As a result of Defendants' conduct, Plaintiff was required to hire an attorney for the prosecution of this matter and is therefore entitled to reasonable attorneys fees.

### FIFTH COUNT
(Quiet Title under NRS 40.010)

60. Plaintiff repeats and re-alleges all allegations contained previously as though fully set forth herein.

61. A foreclosure sale and subsequent transfer took place all without proper notice and without Debtor's knowledge.

62. Defendant Apple Blossom Arbitrage recorded a deed claiming ownership five days after Plaintiff filed for bankruptcy protection.

63. Plaintiff brings this action against Defendants claiming interest in real property adverse to Plaintiff, for the purpose of determining such adverse claim pursuant to NRS 40.010.

64. As a result of Defendants' conduct, Plaintiff was required to hire an attorney for the prosecution of this matter and is therefore entitled to reasonable attorneys fees.

### SIXTH COUNT
(Injunctive Relief)

65. Plaintiff repeats and re-alleges all allegations contained previously as though fully set forth herein.

66. A foreclosure sale and subsequent transfer took place all without proper notice and without Debtor's knowledge.

67. Defendant Apple Blossom Arbitrage recorded a deed claiming ownership five days after Plaintiff filed for bankruptcy protection.

68. Defendant Apple Blossom Arbitrage should be enjoined from exercising its alleged rights of possession over the property due to the fraudulent sale and subsequent transfer.

69. Defendant Griffin Group should be enjoined from pursuing any attempts at gaining possession of the property in contravention with the bankruptcy code and due to the fraudulent sale and subsequent transfer.

70. Defendant GMAC Bank should be enjoined from any attempts at collection of alleged deficiency due to the fraudulent sale and subsequent transfer.

71. As a result of Defendants' conduct, Plaintiff was required to hire an attorney for the prosecution of this matter and is therefore entitled to reasonable attorneys fees.

/ / /

/ / /

/ / /

WHEREFORE, Plaintiff prays for relief against each Defendant as follows:

1. For general and compensatory damages for Counts I through IV against each Defendant as alleged in the Complaint;
2. For sanctions under 11 U.S.C 105(a) for Counts I through IV against each Defendant as alleged in the Complaint;
3. For an Order determining title of the property under NRS 140.010 for Count V as alleged in the Complaint;
4. For injunctive relief for Count VI against each Defendant as alleged in the Complaint;
5. For reasonable attorneys fees against each Defendant as alleged in the Complaint; and
6. For any other relief that the Court deems just and proper.

Dated this 2nd day of February, 2011.

                                                  /s/ Jonathan B. Goldsmith, Esq.
JONATHAN B. GOLDSMITH, ESQ.
Nevada Bar No. 11805
Rosenfeld & Rinato
9029 South Pecos Road, #2800
Henderson, Nevada 89074
702.386.8637 / 702.385.3025 (Facsimile)
jgoldsmith@lawrosen.com

/ / /

/ / /

/ / /

**VERIFICATION**

STATE OF NEVADA    )
                   )   ss:
COUNTY OF CLARK    )

JILL WHITTLE, under the penalties of perjury, being first duly sworn, deposes and says:

That I am the Plaintiff in the above-entitled action; that I have read the foregoing COMPLAINT, and know the contents thereof; that the same is true of my own knowledge, except for those matters therein contained stated upon information and belief, and as to those matters, I believe them to be true.

I declare under the penalty of perjury that the foregoing is true and correct.

EXECUTED this 2nd day of February, 2011.

                                            /s/ Jill Whittle
                                            Jill Whittle